UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwan Robinson, | ) C/A No. 5:15-cv-512-DCN-KDW |
|                 Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Sgt. Shawn Roberts; | ) |
| Nurse Geneva E. Walters; | ) |
| Nurse Tianna R. Randolph, all in their | ) |
| Individual capacities, | ) |
|                 Defendants. | ) |

Defendants removed this case from state court, asserting 28 U.S.C. §§ 1331 and 1367 as the jurisdictional bases for the removal. ECF No. 1 at 1. The case was originally filed by Antwan Robinson ("Plaintiff") in the Richland County Court of Common Pleas and was given this case number: No. 2014-CP-40-07804. ECF No. 1 at 1 n.1. This case is before the undersigned United States Magistrate Judge because Plaintiff filed the state case as a pro se litigant. Under this court's local rules, the appearance of a pro se litigant in a civil action requires reference to a magistrate judge for all pretrial proceedings. Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

I.      Procedural Background

Following initial review of the Notice of Removal and the attached state-court Complaint, ECF No. 1, the court issued an order directing Defendants to show cause why this case should not be remanded to state court. ECF No. 11 ("the Initial Order"). Plaintiff thereafter submitted a pleading docketed as "Objections," in which he indicates he is bringing claims pursuant to the South Carolina Torts Claim Act ("SCTA") and requests that this court "dismiss" the Notice of Removal. ECF No. 15. The court construes this as a request to remand this case. Subsequently, Defendants submitted their Response to the Initial Order in which they contend

that this case was properly removed. ECF No. 16. In their response, Defendants note receipt of Plaintiff's request (ECF No. 16), arguing it "does not clear up the situation" because it is "not much more than a cut-and-paste" of the court's Initial Order. ECF No. 16 at 2 n.2.

The undersigned has reviewed all of the parties' submissions and recommends that this case be remanded to state court.

II.     Discussion

A defendant in a case in a state court may remove that case to a federal district court only if the state-court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is federal-question jurisdiction under 28 U.S.C. § 1331. A federal district court may consider the issue of its subject-matter jurisdiction at any time in the process of a case. *See, e.g.,* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (same); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (same). Various federal courts have held that the removal statutes are to be construed *against* removal jurisdiction, and in favor of remand "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F.

2

Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases holding that removal statutes are to be construed *against* removal jurisdiction, and in favor of remand). The removing party, as the one invoking removal jurisdiction, has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. Additionally, it is well settled federal law in the removal area that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005).

Although a federal court is not bound by the parties' characterization of a case, a district court must first look at a plaintiff's state-court complaint to determine if either federal-question or diversity jurisdiction is present. *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D.N.C. 1992). The fact that a complaint is filed by prisoner and the alleged facts arise from prison conditions or from other conditions that resulted in his imprisonment does not invariably show that claims are being made under the federal civil rights statutes (§§ 1981, 1983, 1988) or under the United States Constitution. *See, e.g., Cruel v. Cnty. of Greenville*, 617 F. Supp. 2d 436, 439 (D.S.C. 2007); *Addison v. Charleston Cnty. Pub. Defenders*, No. 4:11-2936-CMC-JDA, 2011 WL 6937608, at *2 (Dec. 8, 2011), *adopted*, 2012 WL 10499 (D.S.C. Jan. 3, 2012); *Brave v. S.C. Highway Dept.*, No. 4:07-3457-HMH-TER, 2008 WL 2001913, *2 (D.S.C. May 06, 2008). Additionally, as the master of his complaint, even a state prisoner, as here, claiming violations of some of his rights can decide to pursue issues in state court, relying on state law, and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987); *see, e.g.,*

3

*McBrearty v. Ky. Comty., Tech. Coll. Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept. 7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited.").

Defendants assert that "Plaintiff's Complaint has enough indicators of Plaintiff's reliance on federal constitutional law to establish that this case arises under federal law." ECF No. 16 at 1. In support of that statement, Defendants point out that Plaintiff is a state prisoner who is complaining about certain conditions of his confinement such as medical care and actions taken by corrections officers and that [t]hese types of cases are routinely filed in the District Courts pursuant to 42 U.S.C. § 1983." *Id*. at 3. While citing to *Cruel v. County of Greenville*, 617 F. Supp. 2d 436, 439 (D.S.C. 2007), and acknowledging that this court has held that prisoners may resort to state tort actions without reference to the United States Constitution, Defendants contend that the only way that a prisoner can assert his right to be free from cruel and unusual punishment is through a § 1983 claim. *Id*. Defendants then point out that Plaintiff does not specify whether his use of the term "Constitution" in his Complaint in connection with his allegations regarding the amount and nature of medical care he received and Defendants' obligations to provide such care is intended as a reference to the state or federal constitution. *Id.* Further, Defendants note that some language Plaintiff uses echoes language of the United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994), a case that arose under the Eighth Amendment to the United States Constitution. *Id*. Defendants also point to Plaintiff's single use of the term "under color of state law" and his naming of all three Defendants, individually, as defendants rather than only the State of South Carolina and contend that this provides "[a]nother indication of the federal nature of Plaintiff's claims . . . ." *Id*. at 4. Finally, Defendants contend

4

that Plaintiff's request for punitive damages, which are allegedly unavailable in a SCTA claim, "demonstrates that Plaintiff's claims invoke federal jurisdiction." *Id*. at 5.

The court acknowledges that, as Defendants assert, *id*. at 2 n.2, Plaintiff uses language taken in part from the court's Initial Order in his request for remand. However, having reviewed Plaintiff's filing thoroughly, the undersigned finds that the pro se Plaintiff sufficiently disclaims any intent to raise federal claims in his state-court Complaint. *See* ECF No. 15 at 2 (Plaintiff concluding his pleading by arguing that "the Defendants['] Motion for Removal should be dismissed without merit."). Furthermore, Plaintiff's state-court Complaint specifically states that the state court "has jurisdiction over the subject matter of this action . . . as accorded by the South Carolina Constitution, Article 5, Section 11 and by the South Carolina Tort Claims Act. § 15-78-100 of South Carolina Code of Laws as amended." ECF No. 1-1 at 4. Moreover, Plaintiff cites only to S.C. Code Ann. § 24-1-130 in connection with his allegations concerning the "duty of [proper] care" allegedly owed by state prison authorities to prison inmates and alleges that "the South Carolina Department of Corrections is liable upon Plaintiff pursuant to [S.C. Code Ann.] § 15-78-60 (25) . . . ," for the actions of "its employees while acting within the scope of their official duties." *Id*. at 8. Plaintiff's allegations relating to the asserted liability of the South Carolina Department of Corrections ("SCDC") for Defendants' actions are couched completely in terms of negligence, both reckless and gross, and "cruel and unusual punishment under the *South Carolina Constitution*." *Id*. (emphasis added). Plaintiff's pleading shows that the only "Constitution" to which Plaintiff specifically refers is the South Carolina Constitution. There are no references to any federal constitutional provision, statute, or treaty in the pleading, and Plaintiff's minimal use of the phrases "under color of state law" and "cruel and unusual punishment" (which, admittedly, both often appear in connection with federal constitutional

5

claims pursuant to 42 U.S.C. § 1983) are specifically limited by Plaintiff's nearly immediate references to "the South Carolina Tort Claim Act" and "the South Carolina Constitution" respectively. ECF No. 1-1 at 4, 8.

Further, Defendants' contention that the only way that a prisoner can assert a claim based on allegations of "cruel and unusual punishment" is by resort to a federal § 1983 action is incorrect because the South Carolina Constitution contains a specific prohibition against cruel and unusual punishment, S.C. Const. Art.1, § 15, and state prisoners can proceed under that provision rather than under the Eighth Amendment to the United States Constitution. *See, e.g., State v. Brown*, 326 S.E.2d 410 (S.C. 1985) (castration violates state constitutional prohibition against cruel and unusual punishment); *State v. Kimbrough*, 46 S.E.2d 273, 354 (S.C. 1948) (discussing court's ability to consider sentencing issues under state constitution's cruel and unusual punishment prohibition). Moreover, as indicated in the Initial Order, Plaintiff's inclusion of a statement that he is suing "Defendants in their individual capacities," ECF No. 1-1 at 1, and his request for "an award of punitive, and nominal damages" in his prayer for relief, *id*. at 8, are not entitled to significant weight in this court's consideration of its subject-matter jurisdiction over this case. As a pro se litigant, Plaintiff's pleading must be held to a less stringent standard than would be a pleading drafted by a licensed attorney, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and this court should not determine its subject-matter jurisdiction in reliance on a pro se litigant's supposed understanding of legal ramifications from his conclusory use of legal terminology or what may be described as a "form" prayer for relief in his pro se complaint. Of course, Defendants can raise any SCTA pleading deficiencies such as improper parties or damage requests with the state court on remand, but their presence in the state-court Complaint does not show that Plaintiff intended to file federal claims in his state-court action.

Despite Defendants' contentions otherwise, the allegations in Plaintiff's pro se state-court Complaint, liberally construed, do not show claims over which this court can exercise its limited federal subject-matter jurisdiction. Also, liberally construed, Plaintiff sufficiently indicates in his response to the Initial Order that he only intends to pursue state-law-based tort claims against Defendants and/or their employer. Under these circumstances, the state-court Complaint controls, and this case should be remanded to the Richland County Court of Common Pleas to permit Plaintiff to go forward with his claims. Any pleading deficiencies such as those mentioned by Defendants (suing incorrect defendants, request of punitive damages) may be raised with the state court on remand. This case should be remanded to the Court of Common Pleas for Richland County without prejudice to Defendants' filing responsive pleadings to Plaintiff's complaint in state court. *See* 28 U.S.C. § 1447(c); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

III.     Conclusion

Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Court of Common Pleas for Richland County *without prejudice* to Defendants' rights to file responses to Plaintiff's filings in the state court.

IT IS SO RECOMMENDED.

March 20, 2015                                                          Kaymani D. West
Florence, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they ma y file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).